·JOHN R. GREENAMEYER v. ISAAC C. COATE.

(Filed February 13, 1907.)

1. TITLE—Holding in Trust—Decision of Secretary of the Interior. In an action to declare the title to a homestead, a trust for the use and benefit of an adverse claimant, upon the ground that the secretary of the interior has misapplied the law to the facts adduced upon the contest trial before the land department, and the evidence upon such trial is not set forth in the petition filed in such action, the facts found by the secretary of the interior must be held to be conclusive, as the same are shown by his decision set out in the petition, and his decision based thereon will not be disturbed unless there appears a clear misapplication of the law to such facts.

2. **FRAUD—When Not Sufficient to Sustain Action.** Where the title to a tract of land is acquired under the homestead law after a contest before the land department with an adverse claimant, such adverse claimant cannot have the title so acquired adjudged a trust for his use and benefit upon the ground of fraud practiced upon the trial of such contest, where the only fraud stated is the alleged fact that the successful party procured the judgment of the land tribunal upon testimony which the pleader avers is not the truth, and that he was deceived thereby, when a full and complete hearing is shown to have been given the parties. (Following Cagle v. Dunham, 14 Ok. 810. )

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*Keith & Wright* and *C. W. Ransom,* for plaintiff in error·

*C. L. Pinkham* and *Cline & Duval* for defendant in error.

Opinion of the court by

GILLETTE, J.: This action was brought in the district court of Kay county, by the plaintiff in error against the defendant in error, to recover the legal title to lots 1 and 2 and the east half of the northwest quarter of section 18, township 26 north, range 2 east of the Indian meridian being land in said county. Said land had been the subject of a contest between the plaintiff and defendant, had been tried and determined by the local and general land office, and upon appeal determined by the secretary of the interior in favor of the defendant, who had thereafter acquired the patent title thereto from the government.

The prayer of the petition asks such legal title so vested in defendant to be declared a trust for the plaintiff's use and benefit, and that he be declared the owner of said tract of land. A demurrer was filed to plaintiff's petition, which

11—Vol 18

was, by the trial court sustained, and the cause comes to this court, asking a reversal of the order sustaining such demurrer.

The petition of plaitniff has attached to it the several determinations of the land department from the first determination in the local land office, to and including, the final judgment of Mr. Secretary Hitchcock awarding the land to the defendant; but the evidence taken upon the trial in, the land office is not brought forward or shown.

The record shows that on June 21, 1898, and October 5, 1898, the cause was' determined by the then secretary of the interior, C. N. Bliss, the decision of June 21 being a determination of the facts in favor of the plaintiff, and that of October 5, 1898, was a denial of a review, but before the entry of judgment denying such review was had and entered the defendant filed a petition for a rehearing in said cause which was granted December 13, 1898. A rehearing was accordingly had, all the parties appearing in person and by attorneys, and on August 31, 1899, the local land office found the issue in favor of the defendant, from which an appeal was had to the general land office, where the decision of the local land office was affirmed, January 5, 1900, and from such decision the case was by appeal again brought before the secretary of the interior, who affirmed the decision of the general land office and revoked the decision of the secretary of June 21, 1898.

It thus appears that the local office, the general land office, and the secretary of the interior have each reached the same conclusion from the testimony submitted upon rehearing, which testimony as stated, is not set out in plaintiff's

petition. We are therefore wholly unable to determine whether or not the conclusions reached by the secretary are supported by the testimony in the case. There are certain facts recited in the judgment of the secretary, upon which he bases his conclusions in favor of the defendant, and under the authority of *McCalla v. Akers,* 15 Ok. 52, if the judgment of the secretary is consistent with his findings, the demurrer to the petition was properly sustained.

The record before us shows that the defendant settled on the land in question September 16, 1893, and the plaintiff, Greenameyer, filed on the tract his soldier declaratory statement on September 19, 1893. The right of the respective parties to the land in the contest which was terminated by the decision of the secretary of the interior complained of turned upon the question as to whether or not the initial acts of the defendant were sufficient to give him a valid homestead right to the land. If so, he was plainly first in right in point of time. The decision of the secretary sets out his going upon the land September 16, 1895, with his son, with the running gears of a wagon, and no tools, except a spade; the putting up of a stake thereon about five feet high with a red flannel cloth attached, and the commencement of a well on the land; his sleeping on the land that night, and the sending of his son back to the Kansas line for his mother; his subsequent sleeping on the land, and his return to his former Kansas home on the 20th of September, for the purpose of bringing to the claim his plow and other tools, with which to improve the place, one hundred and fifty miles distant. The findings show that the defendant was at this time in feeble health by reason of an injury sustained, by being

thrown from a buggy; that on his way to his former home and within a distance of forty miles thereof, while in camp for the night, he was overtaken by a flood, caused by a water-spout, and barely escaped by wading through the water to higher ground; from which exposure, he became sick and was sick when he reached his former home, September 25th, and in consequence of which sickness he was detained until October 17th, when he started back to his claim, arriving there October 22, 1893, bringing his team, wagon, plow and his family, except one boy who was left behind to attend to his cattle; that when he left the land September 20th to go to his former home for the purpose stated, he employed one of his neighbors to do some plowing on the claim, which was done during his absence. The opinion of the secretary then sets out the subsequent acts of the defendant with reference to the land up to the finishing of his improvements as the same were constructed in the winter of 1893, and spring of 1894, the bringing of the balance of his personal property to the land, the building of additions to his house, fencing a pasture, building a stable and other out buildings, and the completion of the well, which he commenced the day he went on the land; and from this concludes that his original settlement was in good faith, and so followed up with substantial evidences of his good faith as to entitled him to a title to the land.

What are sufficient acts of good faith in a homesteader settling upon the public domain and what particular acts are sufficient evidence of a continuation in good faith of an original act of settlement which segregates the tract settled upon from the public domain, must necessarily vary with the

varying circumstances of each particular case.    Acts    that would indicate good faith in one person under his conditions and circumstances in life, might properly be held to show bad faith in another person who was differently situated and with different surroundings; and the determination of such question must be left to the judgment of these tribunals which are established for the purpose of disposing of the public domain; and when they have before them such facts as that they may determine in good faith, that the law has been complied with in a particular case, their determination is final.    There was, therefore, no question of law presented by the petition of plaintiff, admitting the facts stated in the petition to be true, upon which a judgment might be entered holding that the title of the defendant was a trust for the plaintiff's use and benefit, and the demurrer was for this reason properly sustained by the lower court.

A second proposition is presented by the petition of the plaintiff, intended to show that fraud and imposition was practiced on the plaintiff and on the officers of the land department, whereby the plaintiff was prevented from exhibiting his case fully to the officials of the land department on the hearing of such contest.

The petition alleges in substance, that the defendant was not a qualified homestead entryman at the time he settled upon the land in question because of the fact that he was the owner of one hundred and eighty acres of land in Kansas, at the time, and until January 27, 1894, when he caused an ante-dated deed purporting to have been executed August 30, 1893, to be filed of record with the register of

deeds of Morris county, Kansas, and upon the trial of the contest proceedings, introduced a certified copy or abstract of such public record, showing such transfer to have been made August 30, 1893, to one A. C. Medkiff. When in truth and in fact, the defendant was the owner of said land long after he had initiated his homestead right, and until the 27th day of January, 1894; that such act deceived the plaintiff and imposed upon the officers of the land department and caused them to believe and find in said contest proceeding, that said conveyance was made prior to the date of defendant's settlement upon the land in question, and that he was, therefore, fully qualified to make such settlement.

An examination of the record shows that the secretary did so find, upon the testimony before him, i, e., that the defendant was not disqualified because of any interest he then had in said one hundred and eighty acres of land.

The fraudulent act of the defendant here presented, is the fact that he produced the abstract showing that he was not the owner of the land. As we have heretofore stated, this question can only be determined from the findings of the secretary. It is not shown that the plaintiff was prevented from making a full and free investigation of the fact, as well before as after the trial of the case. This contest had been pending five years before it was finally concluded, the last hearing was with full notice, and all the parties appeared, submitted their proof and their cause to the determination of the land tribunal.

It would be a novel proposition if one of the parties could afterwards secure the judgment of a court holding the

title granted by the goverment a trust for his use, because of facts existing which he did not produce, because he saw fit to rest his case upon the facts produced by his adversary, and which fact yet remains undetermined, and is without existence, in fact, so far as the court is able to say, except from the allegations of the petition. Such a proposition has never been entertained by any court, and it is not admitted by the demurrer.

In *Cagle v. Dunham*, 14 Ok. 610, this subject matter was fully discussed, and we do not feel that it is necessary here, to again review the same.

Finding no error in the record, the judgment of the court below is affirmed.

Hainer, J., who presided in the court below, not sitting; Pancoast, J., not sitting; all the other Justices concurring.